[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14936
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cr-00112-RBD-KRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


SEAN DANIEL DRAWDY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 17, 2018)

Before TJOFLAT, WILLIAM PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Sean Daniel Drawdy appeals his sentence of 24 months of imprisonment following the second revocation of his supervised release. 18 U.S.C. § 3583(g). Drawdy argues that his sentence is substantively unreasonable. We affirm.

Drawdy argues that the district court impermissibly considered as sentencing factors its frustration with his repeated drug relapses and its lack of alternative sentencing options, but we disagree. The district court revoked Drawdy's supervised release a second time because he twice tested positive for amphetamine and opiates and he was discharged from a drug aftercare treatment program for failing to participate. The second revocation occurred less than a year after the district court revoked Drawdy's supervised release for testing positive for amphetamines and opiates on seven occasions within two months. Based on Drawdy's record, the district court reasonably expressed its "frustrations . . . with trying to . . . be consistent with . . . [its obligation] under [section] 3553 . . . to impose a sentence that provides protection for the public but deters [Drawdy and] others" from future criminal activities. The district court remarked that "sending somebody like Mr. Drawdy who is a drug addict to prison is a terrible . . . solution to the problem" solely in an effort to solicit an "alternative" to imprisonment and

to fashion "a sentence that is just under the circumstances." The district court did not rely on any impermissible sentencing factors in selecting Drawdy's sentence.

Drawdy also challenges the decision to vary upward and sentence him to the statutory maximum term of imprisonment of two years, but we cannot say that decision constituted an abuse of discretion. Drawdy committed a grade C violation and, with a criminal history of III, he faced an advisory guideline range of 5 to 11 months of imprisonment. The district court reasonably determined that a variance of 13 months above the high end of Drawdy's sentencing range was necessary to punish him for repeatedly violating the terms of his supervised release and to protect the public by "putting Mr. Drawdy in a situation where he can't . . . access . . . controlled substances for an extended period of time." Drawdy's sentence is reasonable.

We **AFFIRM** Drawdy's sentence.

3